Billy Joe WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 58774.

Court of Criminal Appeals of Texas,
En Banc.

July 19, 1978.
Rehearing En Banc Denied Sept. 20, 1978.

Michael Thornell, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael Kuhn and H. E. Bert Graham, Asst. Dist. Attys., Houston, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for capital murder. After a verdict was returned finding appellant guilty of capital murder, the jury returned affirmative answers to the questions required by Article 37.071(b)(1), (2), V.A.C.C.P., mandating a penalty of death which was imposed by the court.

The sufficiency of the evidence is not challenged; however, the State's evidence shows that in the middle of the night appellant climbed up some poles and lattice work to the balcony of the second story apartment of a 63 year old woman who was afflicted with cancer and could move about only with the aid of a walker. Appellant forced the door open from the balcony into the apartment and once inside robbed the occupant and beat and strangled her to death. He also apparently attempted to perform some sort of sexual act with her because she was found to be nude from the waist down, several hairs from her head were found jammed in the zipper of appellant's fly which was open when he was arrested at the scene, and a considerable amount of feces and blood from the deceased were found on the front of appellant's trousers, shorts, shirt and shoes.

The defense offered no evidence at the trial either on guilt/innocence or punishment.

We will first consider appellant's contention that error was committed when someone other than the judge assigned to try the case heard and ruled on appellant's motion for a new trial.

The record reflects that the Honorable Stanley C. Kirk, Judge of the 78th District Court of Wichita County, was administratively assigned to the 177th District Court of Harris County prior to the trial in this case. Judge Kirk presided during the hearing on appellant's pretrial motions, the voir dire of prospective jurors, the guilt/innocence stage of the proceedings and the hearing on punishment. Subsequently, ap-

pellant filed a motion for a new trial and the record reflects that the Honorable Larry Gist presided at that hearing. Appellant raised no objections to Judge Gist presiding at the hearing and presented no evidence on his motion for new trial.

■ This court will judicially notice that the Honorable Larry Gist is the duly elected Judge of the Criminal District Court of Jefferson County and, in the absence of an objection made to his presiding at the hearing on the motion for a new trial, all objections to his authority to sit are considered waived and it is presumed that he was in the regular discharge of his duties pursuant to Article 1916, V.A.C.S., authorizing District Judges to exchange benches or hold court for each other. *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.1973); *Floyd v. State*, 488 S.W.2d 830 (Tex.Cr.App.1972). Further, it is not improper for different judges to sit at different hearings in a case, and this holds true, absent an abuse of discretion, even if an objection is made. *Hogan v. State*, 529 S.W.2d 515 (Tex.Cr. App.1975); *Balderas v. State*, 497 S.W.2d 298 (Tex.Cr.App.1973); *Joines v. State*, 482 S.W.2d 205 (Tex.Cr.App.1972); *Lavallas v. State*, 444 S.W.2d 931 (Tex.Cr.App.1969). No error is shown.

■ Appellant next alleges that the trial court erred in overruling his objections to the hypothetical question posed to the psychiatrist who testified for the State during the hearing on punishment. His first complaint, that the hypothetical question was based on evidence not introduced in the punishment phase of trial but rather in the guilt/innocence phase of the trial, is clearly without merit because this court held in *Brock v. State*, 556 S.W.2d 309 (Tex.Cr.App. 1977), that evidence elicited at the guilt stage as well as the penalty stage of the trial may be considered.

■ Appellant also complains that two phrases in the hypothetical question are not supported by the testimony. The phrases are " . . . kicked in a lady's door forcibly . . . " and " . . . and was then caught in the room with her . . "

In *Atkinson v. State*, 511 S.W.2d 293 (Tex.Cr.App.1974), this court stated:

"A hypothetical question must be based upon the facts of the case. *Robertson v. State*, 463 S.W.2d 18 (Tex.Cr.App.1971)

. . .

"The applicable rule has been stated as follows:

" 'Counsel propounding the question is entitled to the witness' opinion upon any combination of facts inferable from the proof. He may and usually does assume facts in accordance with his theory of the case. If the opponent desires to secure the expert's opinion upon a different set of facts he may do so on cross-examination.' McCormick & Ray, Evidence, § 1403, at p. 240 (2d ed. 1956)."

The evidence showed that the balcony door to deceased's apartment was opened with considerable force having been exerted near the bottom of the door and appellant had abrasions and bruises on his knees. Appellant was not arrested in the room with the deceased woman, but he was observed in the tiny apartment containing her body before he was arrested as he exited the apartment onto the balcony. Under these circumstances, we find no error in the hypothetical question.

■ In his third ground of error, appellant complains that the State introduced certain exhibits by stipulation when in fact appellant did not so stipulate. Appellant's brief contains neither argument nor citation of authority in support of his position and, after a review of the portion of the record referred to in the brief, we find no error. The exhibits complained of contain the record of appellant's conviction for attempted aggravated rape in Louisiana in 1970. These documents were properly admissible under Article 3731a, V.A.C.S., as business records, and appellant and his trial counsel stipulated that certain portions of the documents, relating to appellant's parole violation in Louisiana and a summary of the facts of the attempted aggravated rape offense, could be removed from the exhibits

before allowing the jury to have the documents.

This ground of error is overruled.

██ Appellant next complains that the trial court forced disqualification of a juror by improperly commenting on the weight of the evidence and the facts of the case. The record reflects that prospective juror Sandifer was questioned on voir dire outside the presence of other jurors and prospective jurors and was apparently having some difficulty in understanding the various degrees of murder as provided in the laws of this State. The trial court made the complained of comment, after an extended colloquy with Sandifer, as follows:

"THE COURT: You see, sir, we have certain degrees of murder in Texas. And we have certain cases where a crime has not been committed negligently, there is no negligence, but there is intent. And a crime is committed intentionally where a person intentionally kills someone.

"But, when a person does not intentionally do an act which then results in the death of someone, *that would be negligent homicide. That would not apply to this case, I do not think.*" (Emphasis added.)

No objection was made to this comment and thus nothing is presented for review. *Hovila v. State*, 562 S.W.2d 243 (Tex.Cr. App.1978); *Jenkins v. State*, 488 S.W.2d 130 (Tex.Cr.App.1972); *Minor v. State*, 469 S.W.2d 579 (Tex.Cr.App.1971).

Further, any error in the comment was rendered harmless when appellant, without ever mentioning the court's comment, successfully challenged the prospective juror for cause after the prospective juror evinced his strong leanings toward the death penalty whenever a defendant is found guilty of capital murder.

██ In his fifth ground of error, appellant argues that the court erred in allowing the State to tell prospective jurors that the defendant's prior criminal record could be introduced at the punishment phase of the trial. Appellant alleges that most veniremen were told by the assistant district attorney that during the punishment phase new evidence could be presented that was not presented at the guilt/innocence phase and specifically that each juror was told that "the defendant's," or "a defendant's," prior criminal record could be introduced and considered for punishment purposes, or as an aid in answering the special issues submitted to them. He indicated four specific instances in which this occurred.

While we perceive that it would be error for a prosecuting attorney to tell prospective jurors that the defendant in the case to be tried had a prior criminal record, it is of course a correct statement of the law that after a finding of guilty, evidence may be admitted as to the prior criminal record of a defendant. Article 37.07, V.A.C.C.P. We have carefully examined each of the four instances indicated by appellant in his brief, and in fact have carefully considered the entire voir dire examination of all prospective jurors, and do not find support for appellant's ground of error.

All prospective jurors were examined on voir dire outside of the presence of the other jurors and prospective jurors, and in the first instance cited by appellant the State in examining prospective juror Lawson, who was later peremptorily excused by the defense, commented:

"And I might say this, in answering these questions you would be able to consider evidence that you had heard from the first part of the trial as well as new evidence that you would be entitled to hear from the second part of the trial, such as in the second part of the trial a defendant's prior character, prior convictions, if any, things to help the jury to decide how to answer these questions would be admissible in the punishment part of the trial which may or may not be admissible in the first part of the trial. So you have all this evidence to base your answer on."

The second instance cited by appellant contains no comment by anyone relating to a prior criminal record.

The third instance cited by appellant occurred during the examination of prospective juror Smith, later peremptorily excused by the defense, when the State commented:

" . . . Now, in the punishment part of the trial there could be more evidence presented, such as a defendant's character in the community or in any prior criminal history or records, if he had any, this type thing to help the jury decide the answer to the two questions."

In the fourth instance cited by appellant in his brief, the State in examining prospective juror Costello, who became a juror in the case, commented:

"In addition, at the punishment stage new evidence will be presented, such as defendant's prior criminal records, if he had any, things such as this. Now, it would be the state's burden to prove to you beyond a reasonable doubt that the answer to these two questions should be yes and if the state did not prove to you, you would have to answer no. Could you do that?"

These quoted comments are typical of the comments directed to most of the prospective jurors and because they do not inform the prospective jurors that this defendant did in fact have a prior criminal record, we find no error.

It should also be noted that we find only two instances in which appellant objected to these sorts of comments. The first time occurred after twenty prospective jurors had been examined (and after the first three "instances" cited by appellant in his brief had gone by without objection). The court sustained the objection as to the use of the word "the" in the phrase "the defendant's prior criminal record, if any," and advised the State to use the word "a" instead of "the." The second time occurred after twenty-six more prospective jurors had been examined and no ruling was obtained on the objection.

This ground of error is overruled.

■ Appellant next lists seven "Points of Consideration" in his brief which he urges this court to consider "in determining if appellant recieved (sic) a fair trial and was accorded due process of law as contemplated by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and their counterparts in the Texas State Constitution."

These "Points of Consideration" are without citation of authorities or argument, are not in compliance with Article 40.09, § 9, V.A.C.C.P., and therefore present nothing for review. *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977); *Byrom v. State,* 528 S.W.2d 224 (Tex.Cr.App.1975); *Henriksen v. State,* 500 S.W.2d 491 (Tex.Cr.App.1973); *McCary v. State,* 477 S.W.2d 624 (Tex.Cr. App.1972).

The judgment is affirmed.