COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-355-CR
 
RODNEY CORNELIUS ELLIS                                                                  
APPELLANT
V.
THE STATE OF TEXAS                                                                          
STATE
 
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Rodney Cornelius Ellis
appeals his conviction of felony driving while intoxicated (DWI). Appellant
entered an open plea of guilty to the offense and elected to have the trial
court assess punishment. After his sentencing hearing, the trial court sentenced
appellant to fifteen years' confinement. Counsel on appeal has filed an Anders
brief asserting that there are no grounds that could be argued successfully on
appeal. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
Appellant has filed a pro se brief raising four points. We grant counsel's
motion to withdraw, overrule appellant's points, and affirm the trial court's
judgment.
Appellant's court-appointed counsel
has filed a motion to withdraw as counsel and a brief in support of that motion.
In the brief, counsel states that, in his professional opinion, this appeal is
frivolous. Counsel's brief and motion meet the requirements of Anders v.
California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief. Id. at 744,
87 S. Ct. at 1400.
Once appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the Anders requirements, this court is obligated to
undertake an independent examination of the record and to essentially rebrief
the case for appellant to see if there is any arguable ground that may be raised
on appellant's behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
This court provided appellant the
opportunity to file a pro se brief, and he has filed a brief arguing that (1)
the State should not have used his prior DWI convictions when he stipulated to
them because they were without probative value; (2) his trial counsel was
ineffective; (3) the court did not have jurisdiction; and (4) his plea was not
knowing and voluntary.
Because appellant pled guilty to
the offense, he has waived the right to appeal any nonjurisdictional defects,
other than voluntariness of his plea, that occurred before entry of the plea. See
Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); Broddus v.
State, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985). However, if the
judgment was not rendered independently of error occurring before entry of the
plea, appellant may appeal that error. See Young v. State, 8 S.W.3d
656, 666-67 (Tex. Crim. App. 2000). Therefore, our independent review of the
record for potential error is limited to potential jurisdictional defects, the
voluntariness of appellant's plea, error that is not independent of and supports
the judgment of guilt, and potential errors occurring after the guilty plea. See
id.
In his third point, appellant
contends that the trial court did not have jurisdiction because the citation
shows that the location of the offense is not in Tarrant County. A review of the
citation shows that Tarrant County is clearly marked as the county of the
offense. Therefore, the trial court properly had jurisdiction to hear the case. See
Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2003). Appellant's third
point is overruled. In addition, our independent review reveals no
jurisdictional defects. The indictment sufficiently conferred jurisdiction on
the trial court and provided appellant with adequate notice. See Tex.
Const. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997).
The record also reveals that no
error occurred before the judgment of guilt was entered. The judgment was based
on appellant's plea and his signed judicial confession.(2)
In his fourth point, appellant
claims that his guilty plea was involuntary. The record reveals that the trial
court properly admonished appellant in writing before he pled guilty. See
Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2003). Appellant also
signed a written waiver of his rights, stating his plea was freely and
voluntarily entered and that he understood the consequences of his plea. Nothing
in the record supports a claim that appellant's plea was involuntary. Thus,
appellant's fourth point is overruled.
Our review of the record from the
sentencing hearing also yields no reversible error. The sentence assessed by the
trial court is within the statutorily permissible range. See Tex. Penal
Code Ann. §§ 12.33(a), 12.42(a)(3) (Vernon 2003). Appellant argues in his
second point that the State should not have stated that he refused to work and
attend GED classes while in jail for a prior offense. We interpret appellant's
argument as a claim of ineffective assistance of counsel because his attorney
failed to object to the State's argument. Generally, an isolated failure to
object to certain procedural mistakes or improper evidence does not constitute
ineffective assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984). The record does not affirmatively demonstrate the
alleged ineffectiveness or that the failure to object was not the result of
sound trial strategy; therefore, counsel is presumed to have rendered adequate
assistance. See Strickland v. Washington, 466 U.S. 668, 690,
104 S. Ct. 2052, 2066 (1984). Thus, trial counsel was not ineffective in failing
to object.(3) Appellant's second point is
overruled.
In his first point, appellant argues that the State should not have
used his two prior DWI convictions when he stipulated to them because they were
without probative value. Appellant relies on Tamez v. State
to argue that any prior DWI convictions beyond the two jurisdictional elements
should not be read or proven during the State's case-in-chief, as long as the
defendant stipulates to the two prior convictions, because it is more likely to
show appellant's "bad character" and inflame jury prejudice. 11 S.W.3d
198, 202-03 (Tex. Crim. App. 2000).
Appellant submits a correct statement of the law under Tamez;
however, the facts of his case are distinguishable. Here, appellant's prior DWI
convictions were not presented to a jury, but only presented to the judge. We
cannot say that his prior convictions are without probative value and can serve
only to improperly prove his "bad character" and inflame the jury's
prejudice because he had no jury. Because a presumption exists that a trial
judge acts properly in the regular discharge of his duties, we conclude that the
trial judge was not influenced by the prior stipulated DWI convictions. See
Woods v. State, 569 S.W.2d 901, 903 (Tex. Crim. App. 1978), cert.
denied, 453 U.S. 913 (1981); see also Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2003) (stating that during
punishment, the State may offer evidence on any matter the court deems relevant
to sentencing, including a prior criminal record). Thus, we overrule appellant's
first point.
After independently reviewing the record, we agree with appellate
counsel's determination that any appeal from this case would be frivolous.
Accordingly, we grant appellate counsel's motion to withdraw, overrule
appellant's points, and affirm the trial court's judgment.
 
                                                                     
PER CURIAM
 
PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 29, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant also argues that there is no evidence of
intoxication except hearsay. It is well-settled that a judicial confession,
standing alone, is sufficient evidence to sustain a conviction upon a guilty
plea. Trevino v. State, 519 S.W.2d 864, 866 (Tex. Crim. App. 1975); Ybarra
v. State, 93 S.W.3d 922, 927 (Tex. App.--Corpus Christi 2002, no pet.).
3. There is also no other evidence in the
record indicating that appellant's counsel did not provide constitutionally
required effective assistance of counsel. See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. During the sentencing hearing,
the trial judge asked appellant if he was satisfied with his representation, and
he answered affirmatively.