ELLIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-355-CR

RODNEY CORNELIUS ELLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rodney Cornelius Ellis appeals his conviction of felony driving while intoxicated (DWI).  Appellant entered an open plea of guilty to the offense and elected to have the trial court assess punishment.  After his sentencing hearing, the trial court sentenced appellant to fifteen years’ confinement.  Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed a pro se brief raising four points.  We grant counsel’s motion to withdraw, overrule appellant’s points, and affirm the trial court’s judgment. 

Appellant’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
Id. 
at 744, 87 S. Ct. at 1400.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the 
Anders
 requirements, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

This court provided appellant the opportunity to file a pro se brief, and he has filed a brief arguing that (1) the State should not have used his prior DWI convictions when he stipulated to them because they were without probative value; (2) his trial counsel was ineffective; (3) the court did not have jurisdiction; and (4) his plea was not knowing and voluntary.  

Because appellant pled guilty to the offense, he has waived the right to appeal any nonjurisdictional defects, other than voluntariness of his plea, that occurred before entry of the plea.  
See Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); 
Broddus v. State
, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985).
  However, if the judgment was not rendered independently of error occurring before entry of the plea, appellant may appeal that error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Therefore, our independent review of the record for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of and supports the judgment of guilt, and potential errors occurring after the guilty plea.  
See id.

In his third point, appellant contends that the trial court did not have jurisdiction because the citation shows that the location of the offense is not in Tarrant County.  A review of the citation shows that Tarrant County is clearly marked as the county of the offense.  Therefore, the trial court properly had jurisdiction to hear the case.  
See
 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2003).  Appellant’s third point is overruled. 
 In addition, our independent review reveals no jurisdictional defects.  The indictment sufficiently conferred jurisdiction on the trial court and provided appellant with adequate notice.  
See
 
Tex. Const
. art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record also reveals that no error occurred before the judgment of guilt was entered.  The judgment was based on appellant’s plea and his signed judicial confession.
(footnote: 2)
 In his fourth point, appellant claims that his guilty plea was involuntary.  The record reveals that the trial court properly admonished appellant in writing before he pled guilty.  
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13(a) (Vernon Supp. 2003).  Appellant also signed a written waiver of his rights, stating his plea was freely and voluntarily entered and that he understood the consequences of his plea.  Nothing in the record supports a claim that appellant’s plea was involuntary.  Thus, appellant’s fourth point is overruled.

Our review of the record from the sentencing hearing also yields no reversible error.  The sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann
. §§ 12.33(a), 12.42(a)(3) (Vernon 2003).  Appellant argues in his second point that the State should not have stated that he refused to work and attend GED classes while in jail for a prior offense.  We interpret appellant’s argument as a claim of ineffective assistance of counsel because his attorney failed to object to the State’s argument.  
Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).
 The record does not affirmatively demonstrate the alleged ineffectiveness or that the failure to object was not the result of sound trial strategy; therefore, counsel is presumed to have rendered adequate assistance.
  See
 
Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  Thus, trial counsel was not ineffective in failing to object.
(footnote: 3)  Appellant’s second point is overruled.  

In his first point, appellant argues that the State should not have used his two prior DWI convictions when he stipulated to them because they were without probative value.  Appellant relies on 
Tamez v. State
 to argue that any prior DWI convictions beyond the two jurisdictional elements should not be read or proven during the State’s case-in-chief, as long as the defendant stipulates to the two prior convictions, because it is more likely to show appellant’s “bad character”
 and inflame jury prejudice.  11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000).  

Appellant submits a correct statement of the law under 
Tamez
; however, the facts of his case are distinguishable.  Here, appellant’s prior DWI convictions were not presented to a jury, but only presented to the judge.  We cannot say that his prior convictions are without probative value and can serve only to improperly prove his “bad character” and inflame the jury's prejudice because he had no jury.  Because a presumption exists that a trial judge acts properly in the regular discharge of his duties, we conclude that the trial judge was not influenced by the prior stipulated DWI convictions.  
See Woods v. State
, 569 S.W.2d 901, 903 (Tex. Crim. App. 1978), 
cert. denied
, 453 U.S. 913 (1981); 
see also
 
Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a)(1) (Vernon Supp. 2003) (stating that during punishment, the State may offer evidence on any matter the court deems relevant to sentencing, including a prior criminal record).  Thus, we overrule appellant’s first point.

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw, overrule appellant’s points, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Appellant also argues that there is no evidence of intoxication except hearsay.  It is well-settled that a judicial confession, standing alone, is sufficient evidence to sustain a conviction upon a guilty plea.  
Trevino v. State
, 519 S.W.2d 864, 866 (Tex. Crim. App. 1975); 
Ybarra v. State,
 93 S.W.3d 922, 927 (Tex. App.—Corpus Christi 2002, no pet.).   
   

3:
There is also no other evidence in the record indicating that appellant’s counsel did not provide constitutionally required effective assistance of counsel.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.
  During the sentencing hearing, the trial judge asked appellant if he was satisfied with his representation, and he answered affirmatively.