**AFFIRM; and Opinion Filed October 24, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01417-CR

**ELTON JAMES PETERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-1157622-Y**

## MEMORANDUM OPINION

Before Justices Moseley, Lang and Richter[1]
Opinion by Justice Richter

Elton James Peterson entered an open plea of guilty to the offense of assault, bodily injury, involving family violence, which was enhanced to a third degree felony by a prior conviction for an assault against a family member. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West 2011). After a bench trial on punishment, the trial court sentenced appellant to five years in prison and ordered appellant to pay $244 in court costs. In three points of error, appellant contends the trial judge abandoned his role as a neutral and detached magistrate in violation of his constitutional rights and misapplied the law by not ruling on the merits of a valid hearsay objection. In an additional point of error, appellant complains the evidence is

[1]The Honorable Martin E. Richter, Justice, Assigned.

insufficient to support the trial court's assessment of court costs. We affirm the trial court's judgment.

## Comments by the Trial Judge

In his first and second points of error, appellant complains about four comments made by the trial judge during the punishment hearing. He argues the comments reflected the judge lacked neutrality and evinced "clear bias of a personal nature" resulting in the deprivation of his federal and state due process rights. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 19.

### *Background*

Three of the complained-of comments were made during appellant's punishment testimony. Appellant is an Army veteran who suffers from post-traumatic stress disorder. After appellant was charged in this case, the case was transferred from the 291st Judicial District Court to Criminal District Court No. 7 so that appellant could participate in the veterans court program. *See, e.g.*, Act of June 19, 2009, 81st Leg., R.S., ch. 840, § 4, 2009 Tex. Sess. Law Serv. 2086 (West) (current version at TEX. GOV'T CODE ANN. § 124.001(b) (West, Westlaw through 2013 Sess.) (providing for dismissal of criminal action against defendant upon defendant's successful completion of veterans court program). Appellant testified that although he did not successfully complete the program and "[n]ever really thought it would come to this," he would succeed this time by "[s]taying on top" of what he had to do, including attending counseling with the Veteran's Administration. At one point during appellant's testimony, his counsel began to ask the trial judge whether he was familiar with something related to appellant or his counseling. The trial judge interjected and stated "I'm intimately familiar with everything about this man."

Appellant also testified that he did not proceed with the veterans court program because he had had a "rough two months" and no one with whom he could talk. He admitted he "started

off on the wrong foot" and "didn't come clean" with the judge and urged the judge to consider how he "was doing things right" toward the end of the veterans court program. The trial judge then responded:

> THE COURT: What is the nonsense about how you didn't have anybody to talk to? You used to talk to me.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You remember that?
>
> THE DEFENDANT: Yes, sir. Sometimes I felt like me bothering you would be too much because you have all this to do but, you know –
>
> THE COURT: Did I ever complain about you contacting me?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: All right.

During the State's cross-examination of appellant, the trial judge also interrupted appellant and told him to "just answer the questions that are asked of you" with "[n]o speeches," remarking, "[y]ou're not a Roman emperor."

The last comment was made just before the trial judge announced appellant's sentence. The judge stated: "You're a disgrace to the United States Army, sir, and we gave you every possible chance you could have. You're embarrassing to me and the United States Army." The judge then accepted appellant's guilty plea and sentenced him to five years in prison.

*Analysis*

Due process requires a "fair trial in a fair tribunal" before a judge "with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997); *Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). For claims of judicial bias, we review the record to determine whether the

record shows the judge's bias denied a defendant due process of law. *See Avilez*, 333 S.W.3d at 673–75. A trial judge's comments indicate partiality or bias if the comments reveal the judge determined a sentence without considering the evidence or the full range of punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Appellant argues the above comments reveal the judge's "very close," "off the record" relationship with appellant, which was attained through appellant's participation in the veterans court program. He maintains this relationship affected the judge's partiality and the comments show the judge's outrage and disappointment with him. He contends that while the verdict is consistent with his guilty plea and the sentence is within the statutory range of punishment, the judge's "clear bias of a personal nature" may have affected the verdict because it "precluded any consideration of a sentence other than a term of years."

Appellant admits he did not object to any of the judge's comments or to his sentence at the time it was imposed. And the record shows appellant did not move for the trial judge's recusal. Appellant asserts, however, that the lack of an objection is not fatal to his complaints on appeal because the judge's failure to conduct himself in an impartial manner falls within the category of errors for which no objection is required. (Citing *United States v. Olano*, 507 U.S. 725, 735–36 (1993) and *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (1997)).

Ordinarily, a defendant's counsel must object to a trial judge's improper comments during trial to preserve the complaint for appellate review. *See Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013); *Jasper v. State*, 61 S.W.3d 413, 420–21 (Tex. Crim. App. 2001); *see also Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality op.) ("the general rule is that counsel must object to the trial judge's comments during trial in order to preserve error");

*Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. [Panel Op.] 1978) ("Where no objection is made, remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous."); *Woods v. State*, 569 S.W.2d 901, 904 (Tex. Crim. App. 1978) (because no objection made to judge's improper comment, nothing presented for review); *cf.* TEX. R. APP. P. 33.1(a) (failure to raise contemporaneous objection generally results in failure to preserve error). But an exception to the general rule exists in cases in which a judge's comments and conduct amount to fundamental error. *See Blue*, 41 S.W.3d at 131 (stating that some legal rights are "widely considered so fundamental to the proper functioning of our adjudicatory process" that they cannot be forfeited); *see also* TEX. R. EVID. 103(d) (fundamental error in criminal cases); *Unkart*, 400 S.W.3d at 99 (noting that "some appellate complaints do not have to be preserved by a timely request for relief at the trial level"); *Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002); *Marin*, 851 S.W.2d at 278.

For example, in *Blue*, the trial judge informed prospective jurors that the defendant had received a plea offer and was speaking with his attorney about whether to accept it and plead guilty. *Blue*, 41 S.W.3d at 130. The judge also said he would "prefer" that the defendant plead guilty. *Id.* The defendant did not object to the comments but complained about them on appeal. A plurality of the Texas Court of Criminal Appeals said the error was fundamental error and therefore subject to assertion for the first time on appeal. *Id.* at 131. Four justices concluded the comments constituted fundamental error because the comments tainted the defendant's presumption of innocence in front of the prospective jurors, and two additional justices believed the judge's misconduct denied the accused his right to an impartial trial judge or tribunal. *Id.* at 131–32.

In *Jasper*, the court of criminal appeals clarified that several types of comments by a trial judge—such as interjections by the judge to correct a misstatement or misrepresentation of previously admitted testimony, comments showing the judge's irritation at defense counsel, comments related to maintaining control and expediting the trial, and comments aimed at clearing up points of confusion—do not rise to the level of fundamental error, and an objection was required to preserve error. *Jasper*, 61 S.W.3d at 421. But comments that bear upon the presumption of innocence or vitiate the impartiality of the jury constitute fundamental error of constitutional dimension that required no objection. *Id.*

We reject appellant's characterization of the trial judge's comments in this case and conclude from our review of the record that none of the complained-of comments rise to the level of fundamental error obviating the need to object in the trial court. *See Jasper*, 61 S.W.3d at 421; *cf. McIntosh v. State*, 855 S.W.2d 753, 760 (Tex. App.—Dallas 1993, pet. ref'd) ("Fundamental error must be so egregious and create such harm that the defendant has not had a fair and impartial trial."). Initially, we note that this was a bench trial, so there are no concerns about the potential impact the judge's comments may have had on a jury. *See Blue*, 41 S.W.3d at 132. Appellant had entered an open plea of guilty, and the only matter left for the judge to decide was that of the appropriate punishment. The record shows that before appellant pleaded guilty, he was given a second chance by having his case transferred so he could participate in the veterans court program run by this judge. Appellant testified he did not successfully complete the program and he knew that it had been "a long road in the past in dealing with [him]." While the trial judge's comments may well show he was critical of, disgusted with, or as appellant asserts, even "embarrassed" by appellant, "expressions of impatience, dissatisfaction, annoyance, and even anger" in the ordinary conduct of court administration do not establish bias or

partiality. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (judge's comments that are critical of, or even hostile to counsel, the parties, or their cases, "ordinarily do not support a bias or partiality challenge"). Further, the judge's comments do not indicate the judge's opinion was derived from a source outside the case itself (the judge was in charge of the veterans court program) or reveal "such a high degree of . . . antagonism to make a fair judgment impossible." *Dockstader*, 233 S.W.3d at 108; *see also Liteky*, 510 U.S. at 555. Nor does the record show that the trial judge predetermined appellant's sentence. *See Brumit*, 206 S.W.3d at 645. The judge acknowledged appellant was seeking probation or deferred adjudication probation and informed appellant that because this was a third degree felony, he could sentence him up to ten years in prison. *See* TEX. PENAL CODE ANN. § 12.34 (West 2011) (punishment range for third degree felony is no more than ten years or less than two years). The judge stated that the case "was passed until today so [he] could make a determination of what [he] was going to do in the case."

Finally, nothing in the record shows the judge did not consider the evidence in assessing appellant's sentence for the offense as charged. The judge heard testimony from several witnesses, asked questions of witnesses, including appellant, *see Brewer*, 572 S.W.2d at 721 (trial judge is permitted to question witnesses for purpose of clarifying an issue), and after hearing the evidence, sentenced appellant to five years in prison, which was well within the punishment range.

We do not condone the judge's comments in this case and believe a trial judge generally should exercise restraint. But none of the comments at issue in this case rise to the level of fundamental error. *See Jasper*, 61 S.W.3d at 421. Accordingly, appellant was required to object to the comments to preserve error for appeal. *See Unkart*, 400 S.W.3d at 99. Because he failed

to do so, appellant has waived any error on appeal. TEX. R. APP. P. 33.1(a)(1); *Woods*, 569 S.W.2d at 904. We overrule his first and second points of error.

## Hearsay

Appellant complains in his third point of error that the trial court misapplied the law by not ruling on the merits of a valid hearsay objection. Alternatively, he asserts the trial court committed reversible error by overruling his hearsay objection.

During the punishment hearing, the trial judge had heard testimony from appellant's ex-wife, who was called by the State to testify about the assault and her relationship with appellant. She testified that during their marriage, she and appellant had domestic issues, which involved hitting, fighting, arguments, and physical and verbal abuse. She explained that appellant would slap and kick her and said "[e]verything that has to do with hitting somebody and their body, he would do it." She also testified that the police had been called to her house because appellant had been hitting and punching her, leading to his prior arrest for domestic violence. She testified appellant was in jail for "like a week" and that he was ordered to attend classes through the batterer's intervention program, which he did not complete. The State rested after the ex-wife's testimony. Appellant testified that although there was verbal abuse, he denied "repeatedly abusing" his ex-wife or physically putting his hands on her. He claimed her family was around "the whole time" so he would not "have had a chance to do that." The defense rested after appellant's testimony.

The trial judge then asked appellant's ex-wife's mother to take the stand and questioned the mother about what she knew regarding appellant "whooping up on [her] daughter." The mother testified (through an interpreter) that she knew about "those whippings" and began to describe what her daughter would tell her in telephone conversations. Appellant's counsel

objected on the basis of hearsay, and the trial judge responded that "[t]he Rules of Evidence don't apply to this." The mother then told the judge that "one time" her daughter asked her to pick her up from the house because appellant had hit her. The mother also testified that her daughter called the police because appellant had hit her. Neither the State nor appellant's counsel asked the mother any questions.

Appellant contends that contrary to the judge's pronouncement, the rules of evidence apply to the punishment phase of a criminal trial, citing TEX. R. EVID. 101(b), and the judge's refusal to rule on his hearsay objection was due to an erroneous interpretation of the law. Alternatively, he argues that to the extent the trial judge's statement can be interpreted as impliedly overruling his hearsay objection, that ruling was erroneous. He maintains he was harmed by this error because the hearsay statements served to refute his "partial repudiation of his judicial confession and lent credibility" to his ex-wife.

In this case, we need not decide whether the trial judge erroneously dismissed appellant's hearsay objection on an incorrect interpretation regarding the applicability of the rules of evidence or impliedly overruled appellant's hearsay objection because, even assuming the judge misapplied the law or otherwise erred by permitting the mother to testify to her daughter's statements, we conclude appellant was not harmed by this testimony. *See* TEX. R. APP. P. 44.2(b) (non-constitutional error "that does not affect substantial rights must be disregarded"); *see also Garcia v. State*, 126 S.W.3d 921, 927–28 (Tex. Crim. App. 2004) (improper admission of hearsay evidence is non-constitutional error). It is well established that the improper admission of evidence does not constitute reversible error if the same or similar facts are proved by other properly admitted evidence. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) ("If the fact to

which the hearsay relates is sufficiently proved by other competent and unobjected to evidence . . . the admission of the hearsay is properly deemed harmless and does not constitute reversible error."). The mother testified that "one time" her daughter asked her to pick her up from the house because appellant had hit her. The mother also relayed that her daughter had called the police. But the judge had already heard the daughter's description of the time the police were called resulting in appellant's prior arrest and her testimony that appellant had hit and punched her and "even dragged [her]" on that occasion. The judge also heard the ex-wife's testimony about the domestic violence during the marriage, including how appellant would slap and kick her, physically and verbally abuse her, and did to her "[e]verything that has to do with hitting somebody and their body." Thus, any information communicated by appellant's ex-wife to her mother was cumulative of the ex-wife's testimony that was admitted without objection. Appellant had also judicially confessed to committing the offense.

We also note that when we assess the injurious influence of evidence at the punishment phase, we ask "whether the defendant received a longer sentence as a result of the erroneously admitted evidence." *Rowell v. State*, No. 03-08-00451-CR, 2009 WL 1364351, at *5 (Tex. App.—Austin May 14, 2009, pet. ref'd) (mem. op., not designated for publication). We consider everything in the record, including the other evidence admitted in the case, the nature of the evidence supporting the fact-finder's determination, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the State's theory, any defensive theories, closing arguments, and whether the State emphasized the error. *Id.* at 355–56.

The nature and character of the alleged error in this case involved questions asked of a witness by the trial judge. After responding to appellant's hearsay objection, the judge allowed

the mother to answer his question, and he moved on, stating "[t]hat is enough on that." The testimony elicited by the judge was not emphasized or even mentioned by the State; the State had rested after the ex-wife's testimony and did not examine the mother or present closing argument. And declaring this error harmless would not encourage the State to repeat the error because this case is limited to its facts and the circumstances under which the trial judge asked the questions.

We conclude that after reviewing the record, the admission of the mother's testimony that appellant had hit her daughter "one time" and the police were called because appellant had hit her had at most only a slight effect on appellant's sentence and was therefore harmless. *See Motilla*, 78 S.W.3d at 355 (substantial rights are not affected by erroneous admission of evidence, if after reviewing the whole record, reviewing court has fair assurance the error had no influence or had but a slight effect). We overrule appellant's third point of error.

### Court Costs

In his fourth point of error, appellant requests we reform the trial court's judgment to delete the requirement that he pay $244 in court costs because the clerk's record does not contain a cost bill. He argues that because there is no evidence in the record to support the trial court's assessment of court costs, the evidence is insufficient to support the trial court's order.

If a criminal action or proceeding is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001.

When, as here, the bill of costs was not sent to this Court and made part of the record, we may direct the district clerk to supplement the record with the bill of costs. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted); *see also Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.); *Ballinger v. State*, 405 S.W.3d 346, 348 (Tex. App.—Texarkana 2013, no pet.) ("[W]hen a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006."). The Dallas County District Clerk complied with our order to prepare and file a supplemental clerk's record containing a certified bill of costs associated with the case. Because the record now contains a bill of costs, appellant's complaint that there is no evidence to support the assessment of costs in the trial court's judgment is moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.) (citing *Franklin*, 402 S.W.3d at 895). We resolve appellant's fourth point of error against him.

Appellant also has filed an objection to our order requiring supplementation of the clerk's record. He specifically complains (1) the bill of costs filed by the clerk is not a "proper bill of costs" because it consists of "unsigned, unsworn computer printouts" and (2) the record does not indicate the computer printouts were filed in the trial court or brought to the trial court's attention before the costs were entered in the judgment. We previously have addressed and overruled both of these arguments in *Coronel v. State*, 2013 WL 3874446, at *4–5 (concluding supplemental record filed by clerk meets mandate of code of criminal procedure and there is no requirement that cost bill be presented to trial court at any time before judgment). Accordingly, we overrule appellant's objection to the supplemental clerk's record.

Based on our resolution of appellant's points of error, we affirm the trial court's judgment.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

Do Not Publish
Tex. R. App. P. 47

121417F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

ELTON JAMES PETERSON, Appellant

No. 05-12-01417-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1157622-Y.
Opinion delivered by Justice Richter.
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of October, 2013.

/Martin Richter/

MARTIN RICHTER
JUSTICE, ASSIGNED