**Reversed and Remanded and Majority and Dissenting Opinions filed October 11, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00663-CR

---

### AUGUSTIN GABRIEL CABRERA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1985771**

---

## D I S S E N T I N G   O P I N I O N

In a single issue appellant asserts that the trial court violated his constitutional right to due process by failing to consider the full range of punishment. Because the record does not rebut the presumption that the trial court considered the full range of punishment, this court should affirm.

## *Proceedings in the Trial Court*

The trial court asked the State to summarize what it expected the evidence at trial to show. The State recited that it intended to call the complainant, who would testify that items valued at approximately $300 were stolen from his car. The State further expected to show that DNA matching appellant's DNA was found inside of the burglarized car.

If appellant were convicted, the State expected to show that appellant already had convictions for assault of a family member, engaging in organized criminal activity, and two convictions for possession of a firearm by a felon. Appellant told the trial court that he was serving a two-year sentence based on a conviction for the felony offense of possession of a firearm by a felon. The prosecutor said that if appellant were found guilty of the charged offense, the State would ask that punishment be assessed at 180 days in jail. The trial court then asked appellant:

> [D]o you see how a jury could find you guilty of the offense of burglary of a motor vehicle based upon the DNA comparison from the blood found in the car to your DNA, and if they find you guilty once they hear about all those prior convictions you have for various offenses they may just decide to give you 180 days in jail?

Appellant stated he understood, but told the trial court he wanted to exercise his right to a jury trial. Appellant also told the trial court he wanted to represent himself at trial. After warning appellant of the dangers of self-representation, the trial court permitted appellant to proceed to trial pro se, with appointed counsel acting as stand-by counsel, prompting the following exchange:

> THE COURT: All right. I'll let you represent yourself. I'll ask [defense counsel] to sit with you as your standby lawyer. He'll be

2

available for you to answer any questions you may have of him during trial. Is that all right?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Cabrera, you want the jury or the Court to assess punishment?

THE DEFENDANT: The Court.

THE COURT: All right. Mr. Cabrera, I hope you're not under any illusion you are going to get 30 days after trial, are you?

THE DEFENDANT: No, sir.

After a jury found appellant guilty, the State offered no evidence at the punishment phase and did not prove up any prior conviction, including the conviction for assault of a family member alleged in the enhancement paragraph of the information. Appellant did not offer any evidence either. The trial court assessed punishment at 180 days' confinement but imposed no fine, and gave appellant credit for the 241 days appellant already had spent in jail. The trial court made no comment regarding the court's basis for assessing punishment.

### *Appellate Complaint and Applicable Legal Standard*

Appellant claims the trial court violated his constitutional right to due process by failing to consider the full range of punishment. Specifically, he argues the trial court did not consider assessing punishment at confinement for thirty days or a shorter period based on the trial court's pretrial question, "Mr. Cabrera, I hope you're not under any illusion you are going to get 30 days after trial, are you?"

Due process requires trial judges to be neutral and detached in assessing punishment.[1] A trial court denies a defendant due process when it arbitrarily

---

[1] *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *State v. Hart*, 342 S.W.3d 659, 672 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

refuses to consider the entire range of punishment or imposes a predetermined punishment.[2]  Absent a clear showing to the contrary, we are to presume that the trial judge was neutral and detached in assessing appellant's punishment and that the trial judge considered the full range of punishment.[3]

In *McClenan v. State*, the defendant elected a jury trial for guilt/innocence but opted for the trial court to assess punishment.[4]  After empanelling the jury, but before the State called its first witness during the guilt/innocence phase, the trial court informed defense counsel that if the evidence during the guilt/innocence phase was as portrayed during voir dire, the trial court would not grant probation (a punishment within the statutory range).[5]  Even though the judge uttered these words before conviction,[6] the Court of Criminal Appeals held that the comments did not show the trial court arbitrarily refused to consider the full range of punishment.[7]

In *Buerger v. State*, just before the hearing on the State's motion to adjudicate guilt based on violations of the defendant's deferred-adjudication probation, the trial court offered to assess punishment at ten years if the defendant pleaded "true," thus obviating the need for a hearing on the motion to adjudicate.[8] The defendant declined the offer, and after the trial court found the violations to be true and adjudicated guilt, the court assessed punishment at fifteen years'

---

[2] *See Brumit*, 206 S.W.3d at 645; *Hart*, 342 S.W.3d at 672.

[3] *See Brumit*, 206 S.W.3d at 645; *Hart*, 342 S.W.3d at 673.

[4] *See McClenan v. State*, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983), *overruled on other grounds by*, *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).

[5] *See id.* at 109–110.

[6] *See id.*

[7] *See id.* at 110.

[8] *See* 60 S.W.3d 358, 360 (Tex. App.—Houston [14th Dist.] 2001, pet ref'd).

confinement.[9]  On appeal, the defendant asserted that the trial court did not consider assessing punishment at ten years or less because that is what the trial court offered before the defendant forced the trial court to conduct an adjudication hearing.[10]  The *Buerger* court held that the court's ten-year offer did not preclude the trial court from considering the full range of punishment.  And, notably, the *Buerger* court held that the record did not rebut the presumption that the trial court did so.[11]

In today's case, at no point did the trial judge say he would impose a predetermined punishment. Nor did the trial court make any comment during the punishment phase indicating that he would not consider the full range of punishment. Appellant points to a question the trial judge posed before trial — "Mr. Cabrera, I hope you're not under any illusion you are going to get 30 days after trial, are you?"  We must consider the question in context. That means focusing on the circumstances at the time the trial court asked it. When the trial court asked this question, appellant was acting pro se. Appellant had told the trial court that he was then serving a two-year sentence based on a felony conviction for possession of a firearm by a felon. Only shortly before, the prosecutor had informed the court that, if appellant were convicted, the State would show that appellant previously had been convicted of the offense alleged in the information's enhancement paragraph as well as three other offenses. If the State had proved appellant's prior conviction of the offense alleged in the information, thirty days' confinement would not have been within the range of punishment because the

---

[9] *See id.*

[10] *See id.* at 364.

[11] *See id.* at 364–65.

minimum term of confinement would have been for ninety days.[12] For reasons not reflected in the record, during the punishment phase the State did not attempt to prove appellant's prior conviction of the offense alleged in the information. That decision materially changed things. It meant the applicable range of punishment included confinement in jail for a term not to exceed one year, which would include confinement for thirty days or a shorter term of confinement.[13]

The majority concludes that the trial court's question "clearly" indicated that the court, without any evidence before it, "arbitrarily" refused to consider the entire range of punishment. Considered in context, the judge's question cannot fairly be characterized as clearly signaling a refusal to ponder the full range of punishment. The presumption (that the court did consider the full range of punishment) heightens the hurdle, and nothing in our record is enough to get over it.

The majority notes that the trial court did not say "I hope you're not under any illusion you are going to get 30 days after trial if the enhancement paragraph is found true, are you?" Yet, it is also true that the trial court did not say "even if the enhancement paragraph is not found true, I hope you're not under any illusion you are going to get 30 days, are you?" Given the context in which the trial court posed its question, the record does not contain a clear showing sufficient to overcome the presumption that the trial court considered the full range of punishment.[14] The trial court's pre-trial statements do not show that the trial court failed to consider the full range in assessing punishment after the jury found

---

[12] *See* Tex. Penal Code Ann. § 12.43(a) (West, Westlaw through 2015 R.S.).

[13] *See id.* § 12.21 (West, Westlaw through 2015 R.S.).

[14] *See McClenan*, 661 S.W.2d at 109–10; *Hart*, 342 S.W.3d at 672–74; *Buerger*, 60 S.W.3d at 364–65; *Jaenicke v. State*, 109 S.W.3d 793, 795–97 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

appellant guilty of the charged offense and the State failed to prove the prior conviction alleged in the information.[15]

The majority relies on three cases involving a single county-court-at-law judge in Dallas.[16] This judge had a practice of telling defendants when he was placing them on deferred-adjudication probation that if they violated probation and he adjudicated their guilt, he would assess the maximum punishment.[17] In two of the cases — *Brown* and *Jefferson* — when the judge put the defendant on probation, he promised the defendant that punishment would be assessed at the maximum if the defendant violated probation.[18] When the same judge assessed punishment following the defendant's violation of probation, the judge indicated that he was keeping his promise to assess the maximum sentence.[19] The reviewing courts in *Brown* and *Jefferson* held that the trial judge failed to consider the entire range of punishment because the record showed that the judge assessed the maximum punishment to fulfill his promise to do so, without considering the evidence at the sentencing hearing or a lesser punishment.[20]

The third case — *Earley* — involved a similar fact pattern as *Brown* and *Jefferson*, except that, when the judge placed the *Earley* defendant on deferred-

---

[15] *See McClenan*, 661 S.W.2d at 109–10; *Hart*, 342 S.W.3d at 672–74; *Buerger*, 60 S.W.3d at 364–65; *Jaenicke*, 109 S.W.3d at 795–97.

[16] *See Ex parte Brown*, 158 S.W.3d 449 (Tex. Crim. App. 2005); *Jefferson v. State*, 803 S.W.2d 470 (Tex. App.—Dallas 1991, pet. ref'd); *Earley v. State*, 855 S.W.2d 260 (Tex. App.—Corpus Christi 1993, pet. ref'd).

[17] *See Ex parte Brown*, 158 S.W.3d at 451–52; *Jefferson*, 803 S.W.2d at 471–72.

[18] *See Ex parte Brown*, 158 S.W.3d at 451–52; *Jefferson*, 803 S.W.2d at 471–72.

[19] *See Ex parte Brown*, 158 S.W.3d at 451–52; *Jefferson*, 803 S.W.2d at 471–72.

[20] *See id*. at 456–57.

adjudication probation, the judge did not unequivocally say that he would assess the maximum if the defendant violated probation; instead, the judge stated that he would probably assess the maximum if that happened.[21] Though conceding that this fact pattern was not the same as other cases involving this judge, the *Earley* court still found that the record clearly rebutted the presumption that the judge had considered the entire range of punishment based on the judge's comment at the beginning of the revocation hearing, in which he revealed an intention to assess the maximum punishment regardless of what evidence would be introduced at the punishment hearing.[22]

Today's case is different. The trial court did not promise to assess a specific punishment, and the trial court did not assess the maximum punishment. Appellant presented no evidence at the punishment phase for the trial court to consider in assessing punishment. Though the trial court made an ill-advised pre-trial remark, at the time he did so, there was no reason to believe that thirty days' confinement would be within the range of punishment, given the enhancement allegation, appellant's candid admission, and the State's assertion that the punishment evidence would prove the enhancement allegation, thus making the minimum term of confinement ninety days. The trial court's statement does not clearly show that the trial judge would not consider the full range of punishment in the unexpected event that the State changed its stated plan and failed to prove the prior conviction so that a different range of punishment would apply. Unlike in *Brown*, *Jefferson*, and *Earley*, the trial court in today's case did not make any comment that it would assess the maximum punishment regardless of the punishment-phase evidence.

---

[21] *Earley*, 855 S.W.2d at 262.

[22] *See id.*

On this record, there has been no clear showing sufficient to rebut the presumption that the trial judge considered the full range of punishment.[23] Accordingly, the panel should overrule appellant's sole appellate issue and affirm the trial court's judgment. Because the panel does not, I respectfully dissent.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown. (Brown, J., majority).
Publish — Tex. R. App. P. 47.2(b).

---

[23] *See McClenan*, 661 S.W.2d at 109–10; *Hart*, 342 S.W.3d at 672–74; *Buerger*, 60 S.W.3d at 364–65; *Jaenicke*, 109 S.W.3d at 795–97.