

**NUMBERS**     **13-17-00686-CR**
                      **13-17-00687-CR**
                      **13-17-00688-CR**
                      **13-17-00689-CR**
                      **13-17-00690-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KEVIN HARGROVE,**                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                        **Appellee.**

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Kevin Hargrove appeals his sentence following an open plea of guilty to

the trial court.   By one issue, Hargrove argues that the trial court violated his due process

rights by making comments that showed impartiality and failing to consider the full range of punishment. We affirm.

## I. BACKGROUND

Hargrove was charged by indictment of the following offenses: (1) possession of a controlled substance less than one gram, a state jail felony; (2) burglary of a building, a state jail felony; (3) tampering with evidence with the intent to impair, a third-degree felony; and (4) two counts of evading arrest or detention with a prior conviction, state jail felonies. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115; TEX. PENAL CODE ANN. §§ 30.02, 37.09, 38.04.[1] On September 6, 2017, Hargrove pleaded guilty to all of the offenses without a plea agreement with the State, and asked the trial court to assess his punishment. After the trial court accepted the State's evidence and heard testimony from one of the police officers involved in investigating the offenses, the trial court also heard testimony from Hargrove, in which he asked the trial court to consider probation so he could return to Houston and assist his family following Hurricane Harvey.

The trial court found Hargrove guilty of the offenses and assessed punishment at eight years' imprisonment in the Texas Department of Criminal Justice–Institutional Division for the tampering with evidence charge and eighteen months' imprisonment in a state jail facility for the four additional state jail offenses with all sentences to run

---

[1] Hargrove filed a motion to consolidate his appeals, which was granted, because he pleaded guilty to all of the offenses at the same plea hearing. Appellate cause number 13-17-00686-CR refers to the tampering with evidence with the intent to impair offense, appellate cause number 13-17-00687-CR refers to the evading arrest or detention with a prior conviction offense, appellate cause number 13-17-00688-CR refers to the burglary of a building offense, appellate cause number 13-17-00689-CR refers to the other evading arrest or detention with a prior conviction offense, and appellate cause number 13-17-00690-CR refers to the possession of a controlled substance less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115; TEX. PENAL CODE ANN. §§ 30.02, 37.09, 38.04.

concurrently. The trial court stated:

> Sir, I can't put you on probation because you've already shown that you're not—you know, after reoffending while you're on—I was generous enough to let you out of jail, you re-offended twice. Not only that, you live in Houston. You don't even know where you're going to live, and your criminal history, your rate of offenses, your criminal activity, and so, what you need to realize when they—the State offers you a plea bargain, that's why they call it a plea bargain. Thank you.

This appeal followed.

## II. NO DUE PROCESS VIOLATION

By his sole issue, Hargrove argues that the trial court violated his due process rights when "it made comments demonstrating the court's impartiality by holding it against [Hargrove] that he declined to accept [the State's] plea bargain, and in so doing, [failed] to consider the full range of punishment available to it."

### A. Applicable Law and Discussion

Due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006). Absent a clear showing of bias, the trial court's actions will be presumed to have been correct. *Id.* We presume the trial court was a neutral and detached officer and considered the full range of punishment unless there is a clear showing to the contrary. *Cabrera v. State*, 513 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd.).

Hargrove did not object during the sentencing hearing to the comments or the sentence the trial court assessed. Whether an appellant is required to make a contemporaneous objection to preserve error turns on the nature of the right allegedly infringed. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). The Texas

Court of Criminal Appeals has separated defendant's rights into three categories: (1) absolute requirements and prohibitions, which cannot lawfully be avoided even with partisan consent; (2) waivable-only rights, which must be implemented unless expressly waived; and (3) forfeitable rights, which are forfeited unless requested by the litigant. *Id.*; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

Hargrove claims that the trial court refused to consider the entire range of punishment for an offense and imposed a predetermined punishment. A claim of predetermined punishment falls outside of the first category of rights and can be waived or forfeited. *Grado*, 445 S.W.3d at 740. However, Hargrove's claim that the judge's comments indicated bias or predetermined punishment is not substantiated by the record. Although the trial court referenced the fact that Hargrove had turned down the State's initial plea bargain offer, there was no indication that this fact influenced the court's sentencing decision. The trial court explained to Hargrove that his prior criminal history, actions while out on bond, and uncertain living arrangements factored into its decision to sentence Hargrove to imprisonment. The trial court's sentences were within the applicable statutory range. We hold that the comments of the trial court do not reflect bias, partiality, or that the trial judge did not consider the full range of punishment. *See Brumit*, 206 S.W.3d at 645. We overrule Hargrove's sole issue.

### III.    CONCLUSION

We affirm the judgments of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
18th day of July, 2019.

5