**Affirmed and Memorandum Opinion filed March 26, 2020.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00734-CR

**HECTOR DAMIAN GIAGNACOVO, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1525062**

## MEMORANDUM OPINION

A jury convicted appellant of the third degree felony of evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b). The jury assessed punishment of imprisonment for 10 years, without a fine, and recommended community supervision; the trial court suspended the sentence and placed appellant on community supervision for 10 years. *See id.* § 12.34; Tex. Code Crim. Proc. Ann. arts. 42A.053(d)(2)(A), 42A.055(a). In two issues, appellant argues he was denied due process because (1) the trial court failed to consider the entire range of

punishment and intruded upon plea negotiations and (2) the jury charge was lost and was not part of the original record on appeal. We affirm.

Appellant's first issue concerns comments made by the trial court before jury selection. Addressing appellant, the trial court stated:

> . . . I brought you out, sir, because we are set for trial and ready to go to trial. My understanding is that the State offered you—the last reset, sir, was 10 months state jail on the unlawful, unauthorized use of a motor vehicle and that they would dismiss the evading, sir, or they gave you the option of doing two years, sir, on the unauthorized use of a motor vehicle and dismissing the evading arrest. The initial offer was 10 months. However, the Court has a rule whereby the Court does not accept the offer that was previously set. So, it has to be higher. So, the current offer is 12 months, sir, state jail on unlawful use of unauthorized use of a motor vehicle and they would dismiss the evading arrest. You don't have to take this, one way or the other, sir. The Court just wanted you to be admonished that that was your option before we go to trial. Okay? So, at this time, is there anything from the attorneys?

Based on these comments, appellant argues that the trial court failed to consider the full range of punishment, resulting in a deprivation of due process and a violation of this court's decision in *Cabrera v. State*, 513 S.W.3d 35 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). In *Cabrera*, this court held that "it is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment." *Id.* at 38. In *Torres v. State*, however, this court held that the logic of *Cabrera* does not apply to cases, like this one, in which the defendant's punishment is determined by the jury, not the trial court. *See Torres*, 587 S.W.3d 503, 508 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). Because the trial court did not assess punishment, appellant's argument that the trial court did not consider the full range of punishment must fail. *See id.*

2

Appellant also argues that the trial court, by its comments, improperly intruded into plea negotiations. The trial court's comments certainly suggest that the trial court exceeded its proper role in the course of plea negotiations. *See Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) ("The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant."). But this complaint was not preserved for review because appellant failed to object to the trial court's comments and request a ruling. *See* Tex. R. App. P. 33.1(a) (general rule for preservation of error); *see also Hallmark v. State*, 541 S.W.3d 167, 170 (Tex. Crim. App. 2017) ("A defendant forfeits error if he fails to object to a trial judge's improper participation in plea negotiations.").[1] We overrule appellant's

---

[1] Appellant was not required to preserve error regarding his argument that the trial court failed to consider the full punishment range because the right to be sentenced after consideration of the entire range of punishment is a category-two right under *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *i.e.*, a right which must be implemented by the legal system unless expressly waived. *Grado v. State*, 445 S.W.3d 736, 739–43 (Tex. Crim. App. 2014).

In addition to his argument that the trial court improperly invaded plea negotiations, appellant makes additional related arguments in the course of his briefing that were not preserved for our review. Citing Code of Criminal Procedure article 26.13, Appellant argues that the trial court's comments deprived him of his "right to engage in plea negotiations with the State and at least have the court consider the offer, noting that subsection (a)(2) states that, "[s]hould the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere." Tex. Code Crim. Proc. Ann. art. 26.13(a)(2). While prescribing procedures for plea bargaining, article 26.13 does not, however, enshrine a right to do so, and the Court of Criminal Appeals of Texas has disclaimed any such right. *See Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) ("A defendant in Texas, however, does not have either a constitutional or statutory right to plea bargain with a prosecutor for a particular punishment or for a reduced charge.") (citing *Morano v. State*, 572 S.W.2d 550, 550–51 (Tex. Crim. App. 1978) (explaining that "a trial judge may in every case or in any particular case refuse to allow plea bargaining")). Under these circumstances, we cannot hold that plea bargaining is a category-two *Marin* right requiring no objection at trial.

Likewise, appellant notes that the trial court's comments "might have been the reason [appellant] had no choice but to go to the jury for punishment, when he should have had two choices." Absent further argument or authority on this matter, we construe this statement as relating to appellant's waived argument that the trial court denied him due process by invading

first issue.

In his second issue, appellant argues he is entitled to a new trial because a copy of the jury charge was not part of the original clerk's record on appeal. *See* Tex. R. App. P. 34.5(a)(4) (jury charge must be included in clerk's record). The record contains an affidavit from a Harris County deputy district clerk stating that the jury charge had been misplaced and could not be located.

This court abated this appeal for proceedings under Texas Rule of Appellate Procedure 34.5(e), which provides:

> *Clerk's Record Lost or Destroyed.* If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

*Id.* R. 34.5(e). As the parties were unable to agree to submit an accurate copy of the charge, the trial court held a hearing at which a prosecutor for the State testified that she believed that a copy of the charge in her file was an accurate copy of the charge read to the jury, but was not 100% positive. After the hearing, at which appellant challenged the accuracy of the State's proffered copy of the charge, the trial court entered findings of fact, including a finding that "[t]he State's original copy of the jury charge and verdict form is an accurate copy of the charge and verdict form submitted to the jury at the guilt-innocence phase of trial." The record has been supplemented with the jury charge found by the trial court to be an accurate copy of the missing item in compliance with Rule 34.5(e). *See id.*; *Allen v.*

plea negotiations. *Cf. State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983) (describing myriad ways "[j]udicial involvement in plea negotiations runs afoul of due process and fundamental fairness").

*State*, 899 S.W.2d 296, 300 (Tex. App.—Houston [14th Dist.] 1995, pet. dism'd) (although original jury charge missing, record sufficient when trial court granted State's motion to supplement record with State's copy of jury charge). We overrule appellant's second issue.

We affirm the trial court's judgment.


/s/     Charles A. Spain
Justice

Panel consists of Justices Christopher, Spain, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).