**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00116-CR**
**NO. 09-21-00117-CR**

_____

**ROBERT RODRIGUEZ VILLARREAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause Nos. A190059-R, A190060-R**

**MEMORANDUM OPINION**

A jury found Robert Rodriguez Villarreal guilty of the second-degree felony offense of burglary of a habitation and the state jail felony offense of unauthorized use of a motor vehicle arising from the same incident. *See* Tex. Penal Code Ann. §§ 30.02(c)(2), 31.07. Villarreal pled true to two enhancements. He was sentenced to thirty-five years of confinement for burglary of a habitation and 180 days plus a $2,000 fine for unauthorized use of a motor vehicle. In four issues, Villarreal

1

complains that the trial court: (1) abused its discretion by not allowing the defense to admit Villarreal's entire statement to the alleged victim, in violation of the rule of optional completeness; (2) erred by denying his objections when the State informed the panel during voir dire of his prior convictions in violation of a motion in limine; (3) abused its discretion by requiring Villarreal to appear for trial unshaven and without a haircut in violation of the court's pretrial order; and (4) erred by not granting Villarreal credit against his burglary sentence for the entire time he spent incarcerated since his arrest for criminal trespass of a habitation. For the following reasons, we affirm the trial court's judgments.

PERTINENT BACKGROUND

In July of 2018, while driving his truck home from vacation in Montana, D.P.[1] received a phone call from the automobile dealership where he had purchased the truck.[2] A dealership employee told D.P. that Villarreal was there trying to pick up D.P.'s truck.[3] The dealership's general manager testified Villarreal arrived with D.P.'s truck key which still had the dealer's sticker with the stock number affixed. Villarreal provided his name and told the dealership he was there to pick up D.P.'s truck. The general manager decided to call D.P. while Villarreal was at the

---

[1]We identify the complainant by his initials. *See* Tex. Const. art. I, § 30(a) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[2]D.P. estimated he purchased the truck in March 2018.

[3]Villarreal's father was D.P.'s neighbor.

dealership and let him know what happened. D.P. testified that he had not given Villarreal permission to retrieve his truck and was driving the truck himself when he received the call. The general manager advised Villarreal that they did not have the truck, and Villarreal became agitated. The general manager followed Villarreal outside and noticed that he left the dealership in a black Scion vehicle. D.P. owned a black Scion, which he left parked at his residence during his vacation.

D.P. arrived at his home to find Villarreal inside sitting on his couch. Villarreal addressed D.P. by his first name, and Villarreal told him he would never hurt him. D.P. then left his home and contacted the police, who located Villarreal in D.P.'s back yard and arrested him for criminal trespass of a habitation. Upon inspection, D.P. observed that his Scion vehicle was not parked in the exact location where he left it, it had less gas in it than when he left it, and a large change jar from inside his home was moved to the back seat of the Scion and was missing change. D.P. testified he had not given Villarreal or anyone else permission to be in his home, retrieve his truck, use his Scion, or remove his keys and change jar.

ISSUE ONE: OPTIONAL COMPLETENESS

In his first issue, Villarreal complains that the trial court abused its discretion by not allowing the defense to admit Villarreal's entire statement to D.P. in violation of Texas Rule of Evidence 107's optional completeness requirement. *See* Tex. R. Evid. 107. We review a trial court's ruling on the admission of evidence for an abuse

3

of discretion. *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement." *See id.* (quoting *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005)).

A hearsay statement is generally inadmissible unless it falls within a recognized exception to the hearsay rule. *See id.*; *see also* Tex. R. Evid. 802 (general rule against hearsay). Texas Rule of Evidence 107, the optional completeness rule, is one such exception. *See Walters*, 247 S.W.3d at 217. That rule provides in part that

> [i]f a party introduces part of an act, declaration, conversation, writing, or recorded statement, an adverse party may inquire into any other part on the same subject. An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent. . . .

Tex. R. Evid. 107. The rule's purpose is "to reduce the possibility of the jury receiving a false impression from hearing only a part of some act, conversation or writing." *See Walters*, 247 S.W.3d at 218.

D.P. testified that when he discovered Villarreal in his home, Villarreal told him that he would not hurt him, which D.P. again confirmed during the defense's cross-examination. The following exchange occurred:

> [DEFENSE COUNSEL]: And Robert said, "I'd never hurt you, [D.P.]."
> [D.P.]: Something to that effect, yes.
> [DEFENSE COUNSEL]: And he told you that somebody else - -

4

[PROSECUTOR]: Objection, Your Honor. This goes to hearsay, and it is not with a valid exception.

THE COURT: Okay. What is your response?

[DEFENSE COUNSEL]: Rule of optional completeness, Judge. If they get to tell part of the conversation, we ought to be able to tell the rest of it.

THE COURT: That objection is sustained. I do not believe that exception applies to this context.

Villarreal contends that he should have also been allowed to question D.P. about the remainder of what Villarreal told D.P. In his brief, Villarreal asserts that he told D.P. someone else broke into his home, which the defense had mentioned during opening statements. Villarreal argues that the jury only heard part of the conversation he had with D.P., leaving them with a false impression, and that had his full statement to D.P. been allowed, it would have explained his presence in the house and provided exculpatory evidence that someone else had been there and broken into D.P.'s home. The State counters that D.P. failed to make a proffer regarding what evidence the remainder of Villarreal's statement to D.P. contained.

A party seeking admission of evidence must inform the court of the substance of the excluded evidence by an offer of proof unless the substance is apparent from the context. Tex. R. Evid. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). The offer of proof may consist of a concise statement by counsel or be in question-and-answer form. *Mays*, 285 S.W.3d at 889. If a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the trial court

5

can determine whether the evidence is relevant and admissible." *Id.* at 889–890 (citation omitted).

When the State raised its hearsay objection to the defense questioning D.P. about what Villarreal told him, the substance of the excluded statement was not apparent from the context and there was no proffer. We do not know what Villarreal told D.P. about "somebody else." Absent an offer of proof, we decline to speculate about the nature of D.P.'s excluded testimony. *See Watts v. State*, 371 S.W.3d 448, 464 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (declining to speculate about the nature of excluded testimony in the absence of an offer of proof). Without knowing the content of this excluded statement or its context, we cannot determine whether the trial court erred and if so, whether it was harmful. Villarreal has failed to preserve this point for our review. *See* Tex. R. Evid. 103(a)(2); *Mays*, 285 S.W.3d at 889; *Watts*, 371 S.W.3d at 463–64.

Villarreal points to the defense's opening statement to show the content of this conversation. "The State's recitation of the evidence it expected to introduce is not evidence, but is in the nature of an opening statement made prior to the introduction of any evidence." *Cabrera v. State*, 513 S.W.3d 35, 39 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citations omitted). The plain language of Rule 103, notes that an offer of proof must be made "if the ruling excludes evidence[.]" Tex. R. Evid. 103(a)(2). During opening statements, no ruling had been made excluding the

evidence. Thus, it was impossible for an opening statement to show the substance of evidence the court had not yet excluded. We overrule Villarreal's first issue.

ISSUE TWO: VOIR DIRE

In his second issue, Villarreal complains the trial court erred by denying his objections to the State's comments to the jury panel about his prior convictions during voir dire. The conduct of the voir dire examination is within the trial court's sound discretion. *Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977).

During voir dire while discussing punishment ranges, the State stated that "you may also hear evidence of prior criminal convictions for Mr. Villarreal. In the event that he has one prior felony conviction, the punishment range changes." The defense objected and asserted that the State told jurors Villarreal had a prior conviction then asked the court to instruct the panel to disregard the questioning. The State countered that it did not specify there were other convictions but instead there may be, which it contended was a proper line of questioning for determining whether the jury could consider the full range of punishment. The court admonished the State to clarify it was not suggesting Villarreal had prior convictions, and then denied Villarreal's request for an instruction and mistrial, noting that any instruction would call extra attention to it. The State proceeded with the following:

> Okay. So, there may be evidence that you might hear which can increase the punishment range. Okay? It could be increased up to what they call a first degree felony, which in that case the punishment range would be 5 to life or 99 years.

7

Now, again, without knowing exactly what those facts are, I cannot tell you at this time. Can anybody here not consider the full punishment range of 5 to 99 years for a burglary of a habitation case?

Villarreal's substantive complaint appears to be that the State improperly informed the jury panel about Villarreal's prior convictions during voir dire which denied him a fair trial.[4]

"[A] prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment." *Frausto v. State*, 642 S.W.2d 506, 509 (Tex. Crim. App. [panel op.] 1982). During voir dire, both sides have the right to discuss punishment ranges. *Barnett v. State*, 344 S.W.3d 6, 20 (Tex. App.—Texarkana 2011, pet. ref'd). "The Texas Court of Criminal Appeals has stated repeatedly that both the state and the accused have the right to inform the jury of the range of punishment applicable to an offense, including a range that is enhanced, and to qualify the panel on the full range of punishment." *Id.* (quoting *Jackson v. State*, 285 S.W.3d 181, 183–84 (Tex. App.—Texarkana 2009, no pet.)).

---

[4]Although in his brief he raises the motion in limine, Villarreal never advised the trial court that the State's conduct violated a pretrial ruling on his motion in limine. To the extent he urges a violation of a motion in limine, his complaint on appeal does not comport with the complaint made at trial. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that complaint on appeal must comport with objection made at trial).

We disagree that the State's comments, either singly or cumulatively, informed the panel of Villarreal's convictions. The State's comments were couched in terms of evidence the jury "may also hear" or "might hear" of convictions, and "in the event that he has one felony conviction" then the punishment range would change. The State specifically apprised the jury that "without knowing exactly what those facts are, I cannot tell you at this time." The prosecutor explained that there were certain things the jury would not hear during the first phase of the trial, but may hear during the punishment phase. The prosecutor discussed a general legal principle during voir dire rather than referencing Villarreal's specific character traits or criminal offenses. *See Woods v. State*, 569 S.W.2d 901, 904 (Tex. Crim. App. 1978) (explaining that prosecutor's comment that defendant's prior criminal record could be introduced during punishment phase was a correct statement of the law and did not inform the panel that the defendant had a prior criminal record). The State did not inform the panel about any specific allegations in the enhancement paragraphs and was within its rights to question the panel about the full range of punishment that may be applicable to the case. *See Frausto*, 642 S.W.2d at 509; *Barnett*, 344 S.W.3d at 20. We overrule this issue.

ISSUE THREE: DEFENDANT'S APPEARANCE DURING VOIR DIRE

In his third issue, Villarreal argues the trial court abused its discretion by requiring him to appear for trial unshaven and without a haircut in violation of a

9

pretrial order. In support of his argument, Villarreal cites to *Estrelle v. Williams*, 425 U.S. 501, 505 (1976), holding it is unfair to try a defendant in prison clothing. The defense requested that Villarreal be given a haircut and shave before trial, and the trial court agreed to instruct the jail accordingly. The record reflected that the jail failed to do so, and Villarreal appeared with a three-inch beard the morning voir dire commenced. Villarreal's counsel then requested a recess or continuance to accomplish the haircut and shave, which the trial court denied. The trial court explained that she communicated the request to the sheriff's office, but it was not fulfilled. The trial court stated Villarreal was dressed in street clothes, his hair was combed, and he "looks quite nice[.]"

"[T]he inability to shower and shave, by itself, while possibly portraying an unprofessional appearance, would not badge someone as a criminal in the jury's eyes in the same way as wearing a prison uniform or being shackled." *Musgrove v. State*, 425 S.W.3d 601, 610 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *U.S. v. Casey*, 540 F.2d 811, 816–17 (5th Cir. 1976)). The record before us does not reflect that Villarreal looked disheveled, unkempt, or unclean in front of the jury. *See id.* (noting same). In fact, the record indicated the contrary. The record also shows that before the guilt-innocence phase began, Villarreal received a shave and haircut. On this record, we cannot conclude that Villarreal's lack of a haircut or shave prior to voir dire adversely impacted his appearance before the jury to an

10

extent that would deprive him of a fair trial. *See id.* (concluding same when appellant was not allowed to shower or shave before trial). The cases addressing defendants appearing in prison clothing or shackles reason that they are constant reminders of guilt and contradict a presumption of innocence in criminal cases, which we find distinguishable from a lack of haircut or shave. *See Casey*, 540 F.2d at 816–17 (finding that any prejudice arising from denial of continuance for defendant to shower and change clothes was harmless and distinguishing case from cases holding it unfair to try defendants in prison attire, because "no constitutional violation occurs so long as [the defendant's] dress does not badge him as a criminal, in the jury's eyes, as is the case with prison uniforms"). We overrule this issue.

### ISSUE FOUR: CREDIT FOR TIME SERVED

In his final issue, Villarreal asserts the trial court erred by not crediting time against his burglary sentence for time he had spent incarcerated since his arrest for criminal trespass of a habitation. In all criminal cases, the trial judge shall give the defendant credit on his sentence for the time he has spent "in jail for the case . . . and excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court[.]" Tex. Code Crim. Proc. Ann. art. 42.03 § 2(a)(1). Article 42.03 only entitles a defendant to credit for the time he is incarcerated as to the case in which he is ultimately tried and convicted. *See Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010,

11

pet. ref'd); *see also Bertrand v. State*, No. 09-14-00374-CR, 2015 WL 2125266, at *2 (Tex. App.—Beaumont May 6, 2015, no pet.) (mem. op., not designated for publication).

> Whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals.

*In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (citations omitted).

After his conviction, Villarreal filed a Motion for Judgment Nunc Pro Tunc requesting credit for time served since his probable cause arrest for criminal trespass. Citing Texas Code of Criminal Procedure article 17.033 Villarreal argues that the Orange County Jail did not have the authority to release him on this charge because there was no dismissal filed, an acquittal after trial, or the posting of a bond, and Villarreal has remained incarcerated continuously since his "on-view arrest" for criminal trespass of a habitation on July 20, 2018. Villarreal contends that because there was no bond posted, the sheriff did not have the authority to release him. According to the State, no formal charges had been filed which would explain the lack of a dismissal, and after the expiration of the statutory period, the Orange County Sheriff released Villarreal on the criminal trespass when no formal charges had yet been filed. Villarreal remained in custody, though, because he had outstanding warrants on unrelated charges from Comal County, Texas and was

eventually transported into the custody of the Texas Department of Corrections. There is nothing in the record to show that Orange County had or placed a hold on Villarreal during this period. The clerk's record reveals that a grand jury indicted Villarreal with the present burglary of a habitation and unauthorized use of a motor vehicle charges for which a capias issued on February 27, 2019.

Nothing in the record before us establishes that after the expiration of the probable cause hold for the criminal trespass of a habitation, Villarreal was incarcerated on the identical charges of burglary of a habitation and unauthorized use of a motor vehicle as opposed to being incarcerated on the Comal County charges. When a person having a criminal case in one jurisdiction is confined, either physically or constructively, by another jurisdiction, he is confined on "said cause" only if a detainer or "hold" is lodged against him by the first jurisdiction. *Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989).

At the hearing on the Motion for Judgment Nunc Pro Tunc, the State and defense argued how different statutes applied in this specific case. The purpose of a nunc pro tunc judgment is to provide the trial court with a method to correct the record when there is a discrepancy between the judgment pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012); *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *see* Tex. R. App. P. 23.1. Corrections are limited to clerical errors and "are not

13

appropriate for errors involving judicial reasoning." *Blanton*, 369 S.W.3d at 898; *see also Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The determination of whether an error is clerical or judicial is a matter of law, but a nunc pro tunc judgment is improper if it modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order. *See Blanton,* 369 S.W.3d at 898 (citing *Poe,* 751 S.W.2d at 876; *Ex parte Dickerson,* 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)).

> In its ruling the trial court explained,
>
> So, after review of the statute and some relevant cases, the Court is going to deny the motion and give the defendant credit from the time he was arrested until he was released by our jail after the accusation expired and, then, the time credited from the date of the indictment until the date of sentence and, then obviously, he was sentenced to prison. So, then, he would be given credit from the date of sentence forward.

There was not a clerical error that needed correction, i.e., a discrepancy between the time credited in the sentence pronounced and the written judgment. Rather, the Motion for Judgment Nunc Pro Tunc asking the court to interpret statutory provisions and apply them to the facts at hand involved judicial reasoning. *See Collins*, 240 S.W.3d at 928. Villarreal failed to indisputably show that he has been denied jail-time credit for a period of pre-trial incarceration for the identical "case" for which he was convicted and sentenced. *See In re Brown*, 343 S.W.3d at 805. Accordingly, the trial court did not err by denying the Motion for Judgment Nunc

14

Pro Tunc. *See id.* We overrule this issue. Having overruled all of Villarreal's issues, we affirm the judgments of the trial court.

      AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on April 4, 2022
Opinion Delivered April 13, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.