**Affirmed and Memorandum Opinion filed June 1, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00343-CR

---

### ASPEN DAJUAR VANDURAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1607949**

---

### MEMORANDUM  OPINION

Appellant challenges his conviction for assault of a family member, arguing in a single issue that the trial court deprived him of due process by refusing to consider the entire range of punishment. For the reasons given below, we overrule this issue and affirm the trial court's judgment.

# BACKGROUND

The complainant in this case was appellant's girlfriend, and she testified that there were two incidents of violence.

In the first incident, appellant came home intoxicated to the apartment that he shared with her. Despite his intoxication, appellant wanted to drive somewhere that night, but the complainant opposed the idea, and a struggle ensued between them over the car keys. During the struggle, appellant got mad, pushed the complainant, and threw water at her.

The second incident occurred a few days later. On the morning of that incident, the complainant discovered text messages indicating that appellant had been cheating on her with another woman. The complainant contacted the other woman, who confirmed appellant's infidelity. The complainant then told appellant that she wanted to end their relationship and that she wanted him out of their apartment.

Appellant did not leave as requested. He threw mustard at her in an effort to ruin her clothes. Then he grabbed her, pushed her to the floor, and started punching her. Appellant eventually stopped and allowed the complainant to get off the floor. But as she tried to leave, he grabbed her, pinned her against the cabinets, and started to strangle her.

Appellant let her go and then he left the apartment. He returned less than an hour later with his mother, who was holding a handgun. Appellant's mother yelled at the complainant when the complainant tried to contact her ex-boyfriend. The mother also pointed a gun at the complainant and tried to put her in a chokehold when the complainant tried to contact the police.

Appellant and his mother left when a friend came to the complainant's aid. But before leaving, appellant picked up the complainant and body-slammed her into the ground.

A police officer met with the complainant on the day after the second incident. He obtained the complainant's statement and he documented all of her injuries. Photographs showed that the complainant had extensive bruising on her arms and chest, scratches on her neck, and petechia in her eyes. The officer testified that the petechia were red dots left behind from expanding blood vessels, which corroborated the complainant's claim that she had been strangled.

The defense challenged the complainant's credibility with testimony from both appellant and his mother. But the jury rejected that defensive strategy and convicted appellant of assaulting a family member.

Appellant elected for the trial court to assess his punishment. No new evidence was presented during the punishment phase, which consisted solely of the parties' closing statements. The prosecution began first, and after observing that appellant had complied with the conditions of his bond without incident, the prosecution proposed that appellant should be placed on community supervision for two years. The defense proposed a term of community supervision of just one year. However, the trial court assessed appellant's punishment at one year of confinement in county jail, which was the statutory maximum.

Appellant now challenges the trial court's judgment, arguing that "the trial court had already determined what sentence it would impose even before arguments were heard."[1]

---

[1] Appellant did not object at trial, but the Court of Criminal Appeals has determined that a defendant cannot waive, by inaction, the right to be sentenced by a judge who properly considers the full range of punishment applicable to the conviction. *See Grado v. State*, 445 S.W.3d 736,

## ANALYSIS

Due process requires a trial court to be neutral and detached when assessing punishment. *See State v. Hart*, 342 S.W.3d 659, 672 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A trial court improperly denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment or when it imposes a predetermined punishment. *Id.*

Absent a clear showing to the contrary, we presume that a trial court was neutral and detached when it assesses a defendant's punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). As the party challenging the trial court's assessment here, appellant had the burden of rebutting that presumption. *Id.*

Appellant did not satisfy that burden because he did not cite to any comments or conduct demonstrating that the trial court had refused to consider the full range of punishment. In fact, he did not cite to any record proof at all, other than the trial court's ultimate decisions to reject the parties' joint recommendation of community supervision, and to impose the maximum statutory punishment instead. But these decisions came *after* all of the evidence had been presented and *after* the parties had made their closing statements, which is exactly when the assessment of punishment is supposed to occur. *See, e.g.*, *Cabrera v. State*, 513 S.W.3d 35, 39 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding that the trial court had deprived the defendant of due process when, before any evidence was ever presented, the trial court signaled that the lower range of punishment would not be considered simply because the defendant had exercised his right to a jury trial).

---

739, 741 (Tex. Crim. App. 2014) (categorizing such right as a category two right under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)).

The trial court was not required to place appellant on community supervision, and its rejection of the parties' joint recommendation does not demonstrate that the trial court imposed a predetermined punishment. *See* Tex. Code Crim. Proc. art. 42A.053(a)(1) (providing that a judge "may" place the defendant on community supervision when in the best interest of justice, the public, and the defendant); Tex. Gov't Code § 311.016(1) (providing that the word "may" creates discretionary authority). Nor does the trial court's ultimate decision to impose the maximum punishment, without more, demonstrate a predetermined punishment. *See Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005) ("Judge Baraka's admonition—that he would impose the maximum sentence if applicant violated his probation—does not, by itself, show prejudgment of punishment.").

Based on the foregoing, we conclude that appellant has failed to overcome the presumption that the trial court was neutral and detached in its assessment of appellant's punishment.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
       Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).